IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | | **CRIM. NO. PX-18-196** |
| | * | |
| **KENNETH DONNELL HOFFMAN,** | * | |
| Defendant. | | |

**MEMORANDUM ORDER**

Pending before the Court is defendant Kenneth Donnell Hoffman's motion for compassionate release. ECF No 108. Mr. Hoffman asks that this Court reduce his 120-month sentence in light of the COVID-19 pandemic. *Id.* For the reasons set forth below, the motion will be DENIED.

18 U.S.C. § 3582(c)(1)(A) permits a district court to modify a defendant's sentence for "extraordinary and compelling reasons" and taking into account "the factors set forth in section 3553(a) to the extent that they are applicable." Before a defendant may so move, he must first exhaust all administrative rights "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Mr. Hoffman appears to have exhausted his administrative remedies, and so this motion is ripe for consideration.

Under the First Step Act, the Bureau of Prisons "is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate

release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020).  Pertinent to this motion, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)."  *Id.  See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Hoffman has been quite candid with the Court in that he is healthy and otherwise does not suffer from any illness that puts him at heightened risk of adverse effects from COVID-19.  ECF No. 108 at 1-2.  Moreover, the institution where Hoffman is housed, USP Hazelton, appears to have the pandemic under control within its borders in that only two inmates currently are reported positive.  *See*  https://www.bop.gov/coronavirus/index.jsp (last visited Feb. 25, 2021).  Accordingly, the Court cannot conclude that Hoffman suffers from sufficiently adverse health condition to support a finding that COVID-19 presents an "extraordinary circumstance" justifying immediate release.

In this respect, the Court recognizes that like many, Mr. Hoffman is afraid and anxious about his potential exposure to the COVID-19 virus, as are many other inmates.  The Court sympathizes with Mr. Hoffman's concern.  However, Mr. Hoffman's particular circumstance does not support a reduction in sentence.

Alternatively, even if Mr. Hoffman presented extraordinary circumstances, release is nonetheless inappropriate when considering the counterbalancing § 3553(a) factors.  By way of his plea agreement entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure, Hoffman *agreed* that a ten-year aggregate sentence was sufficient but not greater than necessary to satisfy all purposes of sentencing.  ECF No. 101 at ¶ 96.  This agreed-upon sentence was substantially lower than the advisory sentencing guideline range of 151 to 188 months, plus a consecutive 60-month term, that had been triggered by Hoffman's significant criminal history and his offense conduct.  *Id.* at ¶ 95.  Any further reduction is simply unwarranted when considering Mr. Hoffman's involvement in serious narcotics and firearms offenses while on federal supervision.  *Id.* ¶ 9-14.  Accordingly, the current sentence will remain unchanged.

The Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.  The Clerk is DIRECTED to mail a copy of this Memorandum Order to Mr. Hoffman at USP Hazelton.

Dated: February 25, 2021               /S/
                                       Paula Xinis
                                       United States District Judge